**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| KARL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00079-TWP-KMB |
| | ) | |
| NORTON HEALTHCARE INDIANA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on Defendant Norton Healthcare Indiana, Inc.'s ("Norton Healthcare"), Motion to Dismiss and 28 U.S.C. § 1404 Motion to Transfer Plaintiff's Complaint (the "Motion to Dismiss or Transfer") (Dkt. 18) and Motion for Summary Ruling (Dkt. 20). *Pro se* Plaintiff Karl Jackson ("Jackson") initiated this action after allegedly being inappropriately treated during a visit to the Norton Hospital emergency room. Norton Healthcare now moves to dismiss Jackson's claims for failure to state a claim or, alternatively, to transfer this action to the Western District of Kentucky. Jackson did not respond to the Motion to Dismiss or Transfer, so Norton Healthcare now also moves for a summary ruling on that Motion. For the following reasons, the Court **grants** Norton Healthcare's alternative request to transfer, and **transfers** this action to the Western District of Kentucky and Norton Healthcare's request for dismissal for failure to state a claim shall **remain pending** following transfer. Norton Healthcare's Motion for Summary Ruling is **denied**.

**I.   BACKGROUND**

This action arises from Jackson's alleged mistreatment at the Norton Hospital emergency room in April 2025 (when he was uninsured) despite receiving adequate treatment a month earlier (while he was still covered by Medicare) (Dkt. 1).  In the Entry of May 21, 2025, the Court screened

Jackson's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), summarized his claims as follows, and allowed his claims to proceed:

> On March 11, 2025, Jackson visited the emergency room at Norton Hospital, at that time, he was covered under Medicaid. *Id*. at 3. Jackson received thorough treatment, his "[n]eurological impairment were appropriately documented," his "[t]reatment was humane, stabilization was achieved, and discharge followed standard medical practices." *Id.* On April 16 and 17, 2025, Jackson again visited Norton Hospital due to "severe muscle spasms, neurological collapse, and dehydration due to homelessness." *Id*. at 2. Despite Defendant's knowledge of Jackson's disability (chronic encephalomalacia) and "history of head trauma and stroke" based on his April 2025 visit, Jackson was "left unattended for approximately four hours and subsequently redirected to a detox facility without appropriate medical clearance or informed consent." *Id*. at 2, 4. Defendant allegedly failed to "recommend neurology follow-up, stabilization, or proper discharge planning, despite identical presenting symptoms." *Id*. at 4. Jackson "experienced multiple failed IV insertions, resulting in active bleeding without intervention," and "[n]o accommodations under the Americans with Disabilities Act were provided."

(Dkt. 8 at 2).

In September 2025, Defendant Norton Healthcare filed their motion to dismiss for failure to state a claim, or alternatively, transfer the action (Dkt. 18). Norton Healthcare argues that the claims against it should be dismissed because it does not own, lease, or operate Norton Hospital; a different entity (Norton Hospitals, Inc.) does. Norton Healthcare alternatively argues that this case should be transferred to a more convenient venue, the Western District of Kentucky, Louisville Division. After Jackson failed to timely respond to the Motion to Dismiss or Transfer, Norton Healthcare filed the instant Motion for Summary Ruling (Dkt. 20). Jackson has not responded to that Motion, either. The Motion to Dismiss or Transfer and the Motion for Summary Ruling are now both ripe for the Court's review.

2

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation modified). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### B.    Motion to Transfer Venue under 28 U.S.C. § 1404(a)

A party may seek change of venue pursuant to 28 U.S.C. § 1404(a), which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any

3

civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "[S]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness. . . . By the same token, [appellate courts] grant a substantial degree of deference to the district court in deciding whether transfer is appropriate." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010) (internal citations and punctuation omitted). The Seventh Circuit has further explained,

The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice. The statute permits a flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations. *Id.* at 978 (internal citation and quotation marks omitted).

Concerning the "convenience" factor, courts consider the availability of and access to witnesses, each party's access to and distance from resources in each forum, the location of material events, and the relative ease of access to sources of proof. *Id.* "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Id.*

Concerning the "interest of justice" factor, courts consider the efficient administration of the court system, including docket congestion and likely speed to trial in each forum, each court's familiarity with the relevant law, the desirability of resolving controversies in each location, and the relationship of each community to the controversy. *Id.* "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

4

### III.    DISCUSSION

#### A.  Motion for Summary Ruling

Jackson received a mailed copy of the Motion to Dismiss or Transfer on September 26, 2025, making his response deadline October 17, 2025 (Dkt. 20 at 1–2). That deadline passed, and Jackson did not respond. Two weeks later, Norton Healthcare moved for a summary ruling on its Motion to Dismiss or Transfer, which the Court has discretion to issue pursuant to Local Rule 7-1(c)(5). However, as Norton Healthcare itself notes, "the Court prefers to rule on motions on their merits." *Id.* at 2 n.1 (citing *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)). The Court therefore **denies** the Motion for Summary Ruling.

#### B.  Motion to Dismiss or Transfer

Norton Healthcare asks the Court to dismiss Jackson's claims on their merits pursuant to Rule 12(b)(6) or, if the Court declines to dismiss this action, transfer it to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a) (Dkt. 19). The Court finds it would be prudent to first consider whether transfer is appropriate and, if it is, let the transferee court address the merits of Jackson's claims. The Court therefore starts with Norton Healthcare's request for transfer.

Norton Healthcare argues that the Southern District of Indiana and Western District of Kentucky are both proper venues, but Kentucky is the more convenient forum, and transfer would serve the interest of justice. Norton Healthcare explains that it, as well as the non-party entity that owns and operates Norton Hospital—Norton Hospitals, Inc.—have their principal places of business in Kentucky. *Id.* at 5. Norton Healthcare also offers evidence that the events giving rise to this action in fact occurred in Louisville, Kentucky (Dkt. 19-2).[1] Norton Healthcare further notes

---

[1] "When ruling on a motion to dismiss for improper venue, the district court is not obligated to limit its consideration to the pleadings." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809–10 (7th Cir. 2011) (citation modified), *abrogated on other grounds as recognized in Rodgers-Rouzier v. Am. Queen Steamboat Operating Co.*, 104 F.4th 978, 984 (7th Cir. 2024)

that Norton Hospitals, Inc., is not a citizen of Indiana, so a transfer to Kentucky will ensure smoother proceedings if Jackson decides to add (or substitute) Norton Hospitals, Inc., as a defendant (Dkt. 19 at 5). The Court is also persuaded by Norton Healthcare's argument that because the events at issue took place in Louisville, most (if not all) of the witnesses and documentary evidence will be located in or near Louisville, Kentucky. *Id.* Jackson himself provided a Louisville, Kentucky, address and therefore appears to be a Kentucky resident (Dkt. 6).

Further, relating to administrative difficulties stemming from court congestion, the Court notes that the Southern District of Indiana ranks significantly higher in actions per judgeship (10th) than the Western District of Kentucky (61st). United States Courts, Federal Court Management Statistics, December 2025—U.S. District Courts–Judicial Caseload Profile, https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf (PDF pp. 39, 51). Relating to local interest and interest of the forum, these factors also weigh in favor of transfer. While federal law governs Jackson's claims, the events giving rise to this action appear to have occurred in Kentucky, not Indiana, at a Kentucky hospital (Dkt. 19-2).

The Court therefore finds that the Western District of Kentucky is the more convenient forum, and transfer would serve the interest of justice. The Motion to Dismiss or Transfer is therefore **granted in part** as to Norton Healthcare's request for transfer. Norton Healthcare's request for dismissal pursuant to Rule 12(b)(6) will **remain pending**, to be resolved after transfer.

### IV.    CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's Motion for Summary Ruling (Dkt. 20) and **GRANTS in part** Defendant's Motion to Dismiss or Transfer (Dkt. 18). Defendant's request for transfer to the Western District of Kentucky is **granted** pursuant to 28

U.S.C. § 1404(a). The **Clerk is directed** to **TRANSFER** this action to the Western District of Kentucky, Louisville Division.

Defendant's Motion to Dismiss, Dkt. [18], **REMAINS PENDING** as to Defendant's request for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SO ORDERED**.

Date:    4/7/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

KARL JACKSON
PO Box 163
Louisville, KY 40201

Nicholas Gene Brunette
Reminger Co. LPA
nbrunette@reminger.com

Ryan Joseph Sterling
Reminger Co. LPA - Cleveland
rsterling@reminger.com